[L. A. No. 11398. In Bank.—December 28, 1931.]

CHARLES G. SMITH et al., Appellants, v. A. S. EDELMAN et al., Respondents.

Harvey & Heard for Appellants.

Borton & Petrini for Respondents.

PRESTON, J.—This cause appears to be at this time, at least, entirely without merit. The action is by a group of land owners to have certain oil and gas leases on their unproved lands declared forfeited for failure of the lessees to do the required exploratory work and, as a consequence of such forfeiture, to have their respective titles quieted. Judgment went for defendants denying the right of forfeiture and plaintiffs have appealed.

The leases bear date in September, 1925, were to run for five years and then terminate unless oil or gas in paying quantities on said lands had been discovered; hence, if drilling was not resumed, the leases have now expired by limitation, but if the lands are now proven oil or gas fields, plaintiffs are doubtless overjoyed.

But irrespective of this situation and on the merits we could not interfere with the judgment of the court below, although we admit a strong leaning to the view that respondents abandoned the leases. The court below, however, thought otherwise, and its finding is not without support. The leases required drilling to begin within six months and to proceed to a depth of at least 3,500 feet, unless at a lesser depth oil was found in commercial quantities. The first well was begun in time and pushed to a depth of 4,865 feet at a cost of sixty-seven thousand odd dollars. Oil or gas not being found, this well was abandoned and within six months thereafter a second well was begun and drilled to a depth of 1500 feet at a cost of about eighteen thousand odd dollars. Admittedly to go deeper at this point, it would have been necessary to get different equipment and to erect a new derrick. Accordingly, the derrick and other equipment was removed from the second well. But the lease required that before a forfeiture could be declared, ninety days' written notice must be given. Appellants, therefore, on June 29, 1927, gave such notice. On or about September 1st thereafter respondents acted as though they intended to resume the drilling operations and to that end they did construct some pillars or foundations for a new derrick. But again the operations were abandoned. This suit, however, was begun October 13, 1927. Therefore, if the action of respondents in apparently resuming operations was in good faith, a new notice would be re-

quired and the court found that such operations were so resumed in good faith. In the face of this finding, it is our duty to affirm the judgment and it is so ordered.

Curtis, J., Langdon, J., Shenk, J., Seawell, J., Richards, J., and Waste, C. J., concurred.

Rehearing denied.