[Civ. No. 1296. Fourth Appellate District.—February 26, 1934.]

WILLIAM M. FORNEY et al., Appellants, v. SHELL OIL COMPANY (a Corporation) et al., Respondents.

Borton & Petrini for Appellants.

Harvey & Johnston and Thomas B. Leddy for Respondents.

BARNARD, P. J.—On August 5, 1927, the appellants leased a certain parcel of land in Kern County to the Shell Oil Company under a lease providing for the development and production of oil upon the property. Subsequently the Shell Oil Company transferred the lease to L. C. Osborn, who transferred it to Thomas B. Leddy, and he, in turn, transferred it to William H. Allen, Jr., who will herein be referred to as the respondent. The lease provided for a royalty to the appellants of one-eighth of all oil produced and saved from the land, and that the lessee should purchase and pay for said portion of the oil produced, rendering an account and making payment on or before the twen-

tieth day of each calendar month covering the royalty oil produced and saved during the preceding calendar month.

A producing well was brought in on November 19, 1930, and two payments on account of said royalty were made to the appellants. On October 10, 1931, the appellants gave notice of a violation of the terms of the lease, the material portion reading as follows:

"That said violation consists in that there has not been a payment or settlement of royalties due and as is required in said oil and gas lease on the 20th days of the months of June, July, August, and September in the year 1931, which payments were required on the 20th days of the said months; and there have been no royalties at all paid the undersigned for and on account of oil produced, saved and delivered from said premises as is required in paragraph 2 of said lease;

"The undersigned therefore notifies you and each of you that if and in event you fail, within 90 days after demand hereof, to comply with the provisions of said lease, then in that event appropriate action will be taken by the undersigned for the purpose of cancelling the lease in its entirety."

Within the ninety days specified in the notice the respondent paid to the First National Bank of Bakersfield, for the appellants, an amount covering the royalty on the claimed production for the months named in the notice. Letters were also sent to the bank and to the appellants containing a statement of the amount of oil produced from the premises during the period named. The lease provided that the lessee might make any payment to the lessors by depositing the same to their credit in this bank and constituting the bank an agent of the lessors for that purpose. The appellants refused to accept this payment and shortly after the expiration of the ninety days named in the notice brought this action to cancel the lease. The court found that "within the time specified in said notice said defendant accounted to said plaintiffs for all the oil produced and saved from said premises during the period specified in said notice and paid to said plaintiffs the royalties payable to them therefrom" and gave judgment for the respondent.

This appeal is based upon the contention that the evidence and findings are not sufficient to support the judg-

ment for the reason that, under the terms of the lease and of the notice given, an accounting and payment for the months named in the notice was not a sufficient compliance therewith. In this regard the appellants maintain that the notice required the respondent to fully comply with all the terms of the lease, particularly those in regard to rendering statements and making payments at specified times, during the ensuing months as well as to account and pay for the months named therein. Appellants argue: "This was not a notice to account for the production of June, July, August, and September, 1931, and pay for the same. It was a notice to comply with the provisions of paragraph 2 of the lease relating to the regular course of accounting and payment on the 20th day of each month." It is pointed out that the evidence shows that the respondent, from the time oil was discovered on this land, had many times violated the provisions of the lease with reference to the manner of accounting and with reference to the times at which the royalties should be paid, and that no payments had theretofore been made until the same had been enforced by the appellants' employing lawyers for that purpose. While the evidence shows that the respondent's conduct in this regard was far from commendable and while our sympathies are entirely with the appellants, we feel compelled to hold that, under the notice given, an accounting and payment of the amount due for the months named in the notice, within the time named, was sufficient to avoid a forfeiture for the time being and that, under the wording of the notice, the findings and evidence sustain the judgment.

The lease provides that the same may be forfeited on the failure by the lessee to perform the covenants to operate producing wells and pay and deliver royalties therefrom, and the continuance of such failure for ninety days after written demand by the lessors specifying the obligations to be performed. The notice given stated the violation complained of to be the failure to make payment or settlement of the royalties due on the twentieth days of certain named months, and the remainder of the notice is so worded as to relate to these particular violations. Within the time named in the notice the amounts claimed by the respondent to be due for those months were paid to the bank in accordance with another provision of the lease, and an account was ren-

dered. The court found that the respondent had accounted for all of the oil produced and saved and had paid all of the royalties due for the period named in the notice. It is not contended that the evidence does not sustain this finding, unless it is insufficient by reason of the fact that the respondent was also required to make proper accounting for and to pay royalties accruing subsequent to the serving of this notice. This, we think, was not required under the terms of the lease and the notice given (*Smith* v. *Edelman,* 214 Cal. 488 [6 Pac. (2d) 508]).

Under the view we take of the main issue presented, certain other questions raised do not require consideration.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.